**NOT FOR PUBLICATION** [12]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  :  | Civil Action No. 06-4703 (FLW) |
| Plaintiff,  : |  |
| : | **OPINION** |
| v.  : |  |
| TRIPLE H. REALTY, LLC,  : | |
| HARRY KANTOR, AND,  : | |
| VINCENT ORTIZ,  : | |
| Defendants.  : | |

**WOLFSON, District Judge**

Presently before the Court is a motion by the United States of America to dismiss the counterclaims of Defendants Triple H. Realty, LLC, Harry Kantor and Vincent Ortiz (collectively, the "Defendants"). Defendants Triple H. Realty and Harry Kantor[1] have filed a single brief (i) opposing the United States' motion to dismiss the counterclaims and (ii) cross-moving to add additional third party defendants in this action. This Court will limit its review to the United States' motion to dismiss the Defendants' counterclaims as Defendants Triple H. Realty and Harry Kantor's cross-motion to add additional third party defendants has been referred to the Hon. Tonianne J. Bongiovanni, U.S.M.J. for decision.

**I.     BACKGROUND**

On September 29, 2006, pursuant to Title VIII of the Civil Rights Act, 42 U.S.C. §§ 3601-3619 (the "Fair Housing Act"), the United States filed the instant action against Defendants

---

[1]     Defendant Vincent Ortiz has filed no opposition in connection with the instant motion.

on behalf of Jose and Florentina Resto, Estaban and Gloria Castro, Daimian and Cristina Edwards, Olivia Wilson, Denise Young, and Edilberto Romerro (collectively, the "Complainants") alleging discrimination against persons in the rental of a dwelling on the basis of race, color, national origin and religion.  The action arises from a housing discrimination complaint initially filed by Complainants Jose and Florentina Resto with the Department of Housing and Urban Development ("HUD").  On June 29, 2006, following an investigation of the Resto's complaint, the Secretary of HUD issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging Defendants with having engaged in discriminatory housing practices in violation of the Fair Housing Act.  In lieu of an administrative hearing, the Complainants elected to have the allegations resolved in federal court pursuant to 42 U.S.C. § 3612(a).  Thereafter, the Secretary authorized the filing of the instant action by the United States on behalf of the Complainants.

On December 15, 2006, Defendants Triple H. Realty, LLC and Harry Kantor filed an Answer and Counterclaim seeking damages under New Jersey's frivolous litigation statute and back rent from Complainants Young, Edwards, Wilson and Gonzalez and further alleging that Complainants engaged in discriminatory conduct on the basis of religion.  Additionally, they asserted that Complainants had unclean hands and should be estopped from pursuing their claims against Defendants.  On December 18, 2006, Defendant Ortiz similarly filed an Answer and Counterclaim asserting various affirmative defenses, including estoppel, and seeking damages under New Jersey's frivolous litigation statute, and alleging that Complainants have unclean hands and engaged in discriminatory conduct.

**II.     DISCUSSION**

The United States has filed the instant motion seeking dismissal of Defendants' Counterclaims on the following procedural grounds:  (i) the Counterclaims against Complainants are improper under Fed.R.Civ.P. 13 because Complainants are neither named parties in the instant action, nor opposing parties; and (ii) the Counterclaims against the United States are improper because the United States has not explicitly waived sovereign immunity.  In opposition to the instant motion, Defendants Triple H. Realty and Kantor contend that the Complainants are the "real parties in interest" and, as such, any damages awarded in the action would belong to them.  Defendants therefore reason that because the pending Counterclaims merely seek "money damages as a set-off for any damages awarded" that the Counterclaims are proper.  Additionally, the Defendants argue that because the allegations in this action arise out of the landlord-tenant relationship, the entire controversy doctrine "mandates that these alleged 'victims' be brought in as third party defendants in the instant action."  Def. Opp. Br. at 4.

Pursuant to Fed.R.Civ.P. 13, both permissive and compulsory counterclaims may brought against an "opposing party".  As the United States correctly points out, however, while the action has been brought by the United States on behalf of the Complainants, the Complainants are not parties to the action.  Nor does the Court find that Complainants are the "functional equivalent" of the United States such that they are "so closely identified with a named party as to qualify as an 'opposing party' under Rule 13(a)."  See Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 390 (3d Cir. 2002); see also, Metropolitan Life Ins. Co. v. Kubicheck, 83 Fed. Appx. 425, 431 (3d Cir. 2003)(noting that a "potential counter-claimant is obligated to assert his or her counterclaim against even an unnamed party if it arises out of the

3

same transaction or occurrence and if the unnamed party is the functional equivalent of the named party, is controlling the litigation, or is an alter ego of the named party."). Therefore, until the Complainants have been properly joined as additional parties, as contemplated by Fed.R.Civ.P. 13(h), the Defendants' Counterclaims are not proper and must be dismissed. In so finding, the Court makes no determination as to whether joinder of the Complainants in the instant action is indeed proper. As previously noted, the Defendants' cross-motion seeking to file a third party complaint against Complainants has been referred to the Hon. Tonianne J. Bongiovanni, U.S.M.J. for determination. Moreover, the Court agrees that to the extent that Defendants' Counterclaims are construed against the United States, as the sole plaintiff in this action, the Counterclaims must be dismissed as the United States has not waived sovereign immunity. See Global Fin. Corp. v. United States, 67 Fed. Appx. 740, 742 (3d Cir. 2003)("The United States is immune from liability in tort actions, unless clear statutory consent exists to the contrary.")(citations omitted).

      Finally, the Court notes that New Jersey's entire controversy doctrine has no application here where the only issue for the Court's consideration is whether the Counterclaims may be brought against the United States or against Complainants who have not yet been named as parties in the instant action. Here, where the issue of joinder is not before the Court, reliance on the entire controversy doctrine is premature. Accordingly, this Court finds dismissal of Defendants' Counterclaims proper at this juncture.

### III. CONCLUSION

For the reasons discussed herein, the court GRANTS the United States' motion to dismiss the Defendants' Counterclaims.  An appropriate order will follow.

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

Dated: May 21, 2007